THE STATE OF IOWA v. JARVIS, *et al.*

1. **Criminal law:** CONSTITUTIONAL LAW: JURISDICTION. Section 11, art. 1 of the Constitution does not prevent the conviction and punishment of an accused for an offense less than felony, under an indictment in the District Court, when it is included in or is only a less degree of the offense charged in the indictment.

*Appeal from Appanoose District Court.*

MONDAY, JUNE 25.

THE defendants were indicted for an assault with intent to commit murder. They asked for and were granted separate trials. The defendant Jarvis was first tried and found guilty of a simple assault. Thereupon the other defendants filed a plea of "guilty" of the same offense. The district attorney then moved for judgment and sentence under the verdict and pleas, but the District Court refused to enter judgment or pass sentence, and discharged the defendants on the ground that the District Court had no jurisdiction of the offense. The State excepted and appeals.

*F. E. Bissell*, Attorney-General, for the State.

No appearance for the appellees.

COLE, J.—By section 11 of article 1 of our Constitution, it is declared that all offenses less than felony, where 1. CRIMINAL the punishment does not exceed one hundred LAW: constitutional dollars fine or thirty days' imprisonment, shall law: jurisdiction. be tried summarily, before a justice of the peace or other officer, on information, and without indictment. In the case of *The State of Iowa* v. *Shepherd*, 10 Iowa, 126, it was held that this constitutional provision did not prevent the conviction and punishment of an accused for such offense less than felony, under indictment in the District Court, where it was included in, or was only a less degree of the offense charged in the indictment.

This holding was clearly correct, and is affirmed.

It is provided by the Revision, section 4835, that "upon an indictment for an offense consisting of different degrees,

the jury may find the defendants not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense, if punishable by indictment.

"Section 4836 (3039). In all other cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment."

The court below proceeded upon the ground that a simple assault, of which the defendants were found guilty, was an inferior degree of the defense charged — an assault with intent to commit murder; and that since a simple assault was not punishable by indictment, there was no jurisdiction to enter judgment or pronounce sentence upon the defendants. In this view we think there was error. The offense of an assault with intent to murder does not admit of different degrees, since the *intent* is the gist of the offense. 1 Whart. Am. Crim. Law, § 1279. If the assault was with the intent to rob or maim, it would be a different offense from an assault with intent to murder, and not simply a degree of the same offense inferior thereto. 1 Bish. Crim. Law, §§ 528 to 542. But an assault with intent to murder necessarily includes a simple assault. The District Court, therefore, possessed the jurisdiction and authority, and it was its duty to have entered judgment upon the verdict and pleas, and to have passed the sentence of the law upon the defendants. See § 4836, *supra*.

We are also inclined to hold that the concluding words "if punishable by indictment," of section 4835, *supra*, relate alone to the first preceding clause " of an attempt to commit the offense," and not to both the degree and the attempt.

Reversed.