## THE STATE v. WHITE.

1. **Criminal Law:** INTENT. Where the *intent* is the gist of the offense, it must be proved as laid in the indictment.

2. ——: ——: MANSLAUGHTER. An indictment for an assault with intent to commit murder will not sustain a conviction for an assault with intent to commit manslaughter, although defendant might thereunder be convicted of an assault.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 7.

THE defendant was indicted for the crime of "an assault with intent to commit murder." He pleaded not guilty. Upon a trial before a jury he was found guilty of an assault with intent to commit the crime of manslaughter, and sentenced to imprisonment in the penitentiary for the term of eighteen months at hard labor. From this judgment he appeals to this court.

*Pollock & Shields*, for appellant.

Under a statute similar to ours, it has been held that one indicted for assault with intent to commit murder cannot be convicted of assault with intent to commit manslaughter. (*Mormon v. The State*, 24 Miss., 52.) Where the evil intent accompanying an act is necessary to constitute it a crime, the intent must be alleged and proved, and proved to be the same with that charged. (1 Chitty C. L., 233; Russ. & Ry., C. C., 365; 2 East. P. C., 514; Roscoe's Crim. Ev., 328.) The intent

The State v. White.

charged must be proved as laid. (13 Miss., 242; 11 Miss., 317.) The offense of an assault with intent to commit murder does not admit of different degrees. (*State v. Jarvis*, 21 Iowa, 44; Wharton Am. Crim. Law, § 1279; Bish. Cr. Law, §§ 528, 542 inc.) Where the doing of an act with the intent to accomplish a certain result is a crime, and the result if accomplished is also a crime, the two crimes are separate and distinct, and in charging the former it is only necessary to refer to it by name without setting forth any of its ingredients. (*State v. Newberry*, 26 Iowa, 467; *State v. Moore*, 25 Id., 128; *State v. Hollenbeck*, 36 Id., 112.) There is at common law, or by statute, no such crime as an assault with intent to commit manslaughter, differing in any way from simple assault. (*Wilson v. The People*, 24 Mich., 410; *State v. Wilson*, 20 Ohio, 26.)

*M. E. Cutts, Attorney General*, for the State.

MILLER, CH. J.—The appellant was indicted for the crime of an assault with intent to commit murder. He pleaded not guilty, and upon the trial the court charged the jury in substance that, if they believed the defendant committed an assault, but did not commit the same with the intent to murder, they could still, under this indictment, find the defendant guilty of an assault with intent to commit manslaughter or great bodily harm. The jury returned a verdict of guilty of an assault with intent to commit manslaughter, upon which the court rendered judgment of imprisonment in the penitentiary.

The question presented on the appeal is, whether, under this indictment, the accused can be lawfully convicted of an assault with intent to commit the crime of manslaughter. At the common law no such crime was known, nor does our statute create or prescribe a punishment for any such specific crime. The provisions of the statute in relation to aggravated assaults are as follows:

"SECTION 3872. If any person assault another with intent to commit murder, he shall be punished by imprisonment in the penitentiary not exceeding ten years."

"SEC. 3874.   If any person assault another with intent to maim, rob, steal, or commit arson or burglary, he shall be punished by imprisonment in the penitentiary not exceeding five years, or by fine not exceeding one thousand dollars, or by both fine and imprisonment at the discretion of the Court."

"SEC. 3875.   If any person assault another with intent to inflict a great bodily injury, he shall be punished by imprisonment in the County Jail not exceeding one year, or by fine not exceeding five hundred dollars.

"SEC. 3876.   If any person assault another with intent to commit any felony or crime punishable by imprisonment in the penitentiary, where punishment is not otherwise prescribed, he shall be punished by imprisonment in the penitentiary not exceeding five years, or by fine not exceeding five hundred dollars, and imprisonment in the county jail not more than one year."

The statute on "criminal procedure" provides as follows:

"SEC. 4465.   Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the offense charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the offense, if punishable by indictment."

"SEC. 4466.   In all other cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment."

It cannot be claimed that the verdict and judgment in this case are warranted under section 3876, above set out, without the aid of either section 4465 or 4466, for while it may be admitted that said section 3876 does provide for the indictment and punishment of felonious assaults not mentioned in either of the three preceding sections, it will not be pretended that this can be done without charging, in the indictment, the specific felony intended to have been committed.   In all cases the facts constituting the specific crime intended to be charged must be stated in the indictment (Code, Sec. 4296), and the indictment must be direct and certain as to the "offense charged," and as to the "particular circumstances of the offense charged, when they are necessary to constitute a complete

offense." Code, Sec. 4298. In a word, a defendant cannot be charged with a specified crime and convicted of another and distinct one not specified in the indictment.

May the appellant be convicted of an assault with intent to commit the crime of manslaughter under an indictment for

1. CRIMINAL LAW: intent. an assault with intent to commit murder, by virtue of anything in sections 4465 or 4466 of the Code above set out? It is clear that he cannot be so convicted under section 4465, for the crime of an assault with intent to commit murder does not admit of degrees; the *intent* being the gist of the offense. *The State v. Jarvis*, 21 Iowa, 44, 46; 1 Whart. Am. Crim. Law, Sec. 1279. Nor do we conceive how he may be convicted under section 4466. It is true that under an indictment for murder the defendant may, under this section, be lawfully convicted of manslaughter, because the latter offense is, in such case, necessarily included in the charge of murder. This section but declares the common law rule in this respect. See cases cited in notes to section 538, 1 Bishop's Crim. Law. And we have found no case holding that where a defendant is indicted for an assault with intent to commit murder, or other felony named, he may be convicted of an assault with intent to commit another and different felony not named in the indictment. It is stated by Bishop, in the section above referred to, that on an indictment for an assault to commit murder, or manslaughter, or mayhem, or carnal ravishment, the defendant "may be convicted of either a simple assault, or a compound assault of a less degree than that alleged." Upon an examination of the cases cited in support of this statement we find none of them hold that the defendant may be convicted of an *intent* to commit another and different crime from that specified in the indictment. In *Gardenheir v. The State*, 6 Texas, 348, it was held that on an indictment for an assault with intent to murder, the defendant might be convicted of an assault and battery. This case follows *Givens v. The State* (same report, 344), which held that on such an indictment the defendant might be convicted of a common assault. In *The State v. Steadman*, 7 Porter (Ala.), 495, and *Stewart v. The State*, 5 Ohio, 241, the same doctrine

is held as in *Gardenheir v. The State, supra.* In *The State v. Coy,* 2 Aiken (Vt.), 181; *McBride v. The State,* 2 Eng. (Ark.), 374; *Commonwealth v. Fischblatt,* 4 Met. (Mass.), 354; *Rex v. Dawson,* 3 Stark, 62; it is held that under an indictment for an assault with intent to commit a felony named therein, the defendant may be convicted of a simple assault. The same doctrine is held in *The State v. Jarvis,* 21 Iowa, 44, 46.

On the other hand we find a case expressly holding that the defendant cannot be convicted of an assault with intent to commit manslaughter, under an indictment for an intent to commit murder. In *Morman v. The State,* 24 Miss., 54, the defendant was indicted for an assault with intent to commit murder, and was convicted of an assault with intent to commit manslaughter, and it was held that the conviction was erroneous; that the crime of which the defendant was convicted was another and distinct offense from the one charged. The court says: " It has been uniformly holden that where the evil intent accompanying an act is necessary to constitute such act a crime, the intent must be alleged in the indictment and proved; and the intent with which the act was done, must be proved to be the same with that charged." See cases cited in the opinion.

The intent being the gist of the offense it must be proved as laid in the indictment. 1 Chitty's Crim. L., 233; 2 East

2. ——: manslaughter.

P. C. 514; Roscoe's Crim. Ev., 328. The conviction was for another and distinct offense. The variance, therefore, is fatal. Since, however, the charge in the indictment necessarily includes an assault, of which the jury have found the defendant guilty, the judgment will be reversed and the cause remanded with directions to the District Court to render judgment on the verdict as for an assault. See *The State v. Jarvis, supra.*

REVERSED.