THE STATE OF IOWA, Appellee, v. E. H. McGUIRE, Appellant.

1. **Assault With Intent to Commit Manslaughter:** STATUTORY OFFENSE. Assault with intent to commit manslaughter is one form of crime defined by section 3876 of the Code, which provides that "if any person assault another with intent to commit any felony or crime punishable by imprisonment in the penitentiary * * * he shall be punished," etc.

2. **Indictment:** DATE OF PRESENTMENT: PRESUMPTION. Where the indorsement upon an indictment recited that it was presented to the court "at the May term, 189-," and was filed the eighth day of May, 1891, *held*, that the presumption was that it was found and presented at the May term, 1891, and that a motion to vacate it because it did not show the year and term at which it was found was properly overruled.

3. **Criminal Law:** CHANGE OF VENUE: CERTIFICATION OF PAPERS. When a change of venue is taken in a criminal case, it is the duty of the clerk, under section 4377 of the Code, to transmit the original indictment and minutes of testimony taken before the grand jury to the court where the case is to be tried, and no certification of these papers by him is required. Sections 4293 and 4294 of the Code, providing that these papers shall be filed by the clerk "and remain in his office as a record," are not, when properly considered, in conflict with the above.

*Appeal from Benton District Court.*—HON. JOHN R. CALDWELL, Judge.

SATURDAY, JANUARY 21, 1893.

INDICTMENT for an assault with intent to commit manslaughter. Verdict of guilty, and a judgment from which the defendant appealed.—*Affirmed.*

*Tom H. Milner*, for appellant.

*John Y. Stone*, Attorney General, and *Thos. A. Cheshire*, for the State.

GRANGER, J.—I. The indictment is assailed by demurrer, on the ground that, under the law, there

1. ASSAULT with intent to commit manslaughter: statutory offense.

is no such crime as an assault with intent to commit manslaughter. Manslaughter is a crime by an express provision of the Code, section 3856, and punishable by imprisonment in the penitentiary, which makes it a felony. The query is, is an unlawful act involving intent to commit such a crime punishable in the same manner? If it is, it is a felony and hence indictable. By Code, section 3876, it is provided: "If any person assault another with intent to commit any felony or crime punishable by imprisonment in the penitentiary where the punishment is not otherwise prescribed, he shall be punished by imprisonment in the penitentiary not more than five years, or by fine not exceeding five hundred dollars, and imprisonment in the county jail not more than one year." The language of the section specifically provides that an assault with intent to commit any crime punishable by imprisonment in the penitentiary is an indictable offense. Manslaughter is a crime so punishable, and, to our minds, the conclusion is unavoidable that an assault with intent to commit manslaughter is plainly comprehended by the language of the section, and made an offense punishable as a felony, and therefore indictable.

The case of *State v. White*, 45 Iowa, 325, received unusually careful consideration, as will be seen by a reference, also, to same case in 41 Iowa, 316. In that case, as at last reported, it is said: "Under section 3876, an assault with intent to commit manslaughter may be indicted and punished." We are told in argument that the expression is but a *dictum*, and not controlling, because in that case the indictment was for an assault with intent to commit murder, and the con-

viction only of an assault with an intent to commit manslaughter. In this case the point is definitely presented as to the validity of an indictment for such an offense. There could be no dispute but that the question was presented in that case of their being, under the law, such an offense for which there could be a conviction and punishment, and we think a proper determination of such questions necessarily leads to the question whether or not such an offense is properly presentable by indictment. We can hardly conceive of a reason for the conclusion that a conviction could be sustained of an assault to commit manslaughter where the indictment charged an assault with intent to commit murder, if the facts upon which the conviction was sustained would not sustain an indictment for such an offense. We think the precise question now presented was properly determined in *State v. White.*

The appellant presents an argument leading to the conclusion that the intent necessary to the crime charged is the same as malice essential to murder, and it is said: "There is no method of reasoning whereby the human mind can form an intent to assault another with intent to kill him, and come or fall short of assault with intent to commit murder." That a person may, without malice, unlawfully and intentionally take the life of another, is to our minds too plain a proposition to admit of dispute. Such a taking of human life is not murder; it is manslaughter. The intent to take life is not necessarily an element of the crime. It may, however, be committed with such an intent; and when an assault with such intent is made, and there is a failure to take life, we have the offense charged. The fact that manslaughter may be committed under such circumstances as not to involve an intent to take life does not reach the question under consideration; for, if it may be committed with such intent, the argument has application only to the proofs necessary to convict.

II.  On the indictment is the following:  "Presented to the district court of the state of Iowa, within

**2. INDICTMENT: date of presentment: presumption.** and for the county of Iowa, at the May term thereof, 189–, by the foreman of the grand jury of said state, within and for said county, at said term, in open court, in the presence of the grand jury, and filed by the clerk of said court, this 8th day of May, A. D. 1891.  M. A. Simmons, Clerk of the District Court, Iowa Co., Ia." The district court overruled a motion to vacate the indictment because it failed to show the year and term of court at which it was found.  The point is made with reference to the figures "189–."  There is no error in the ruling.  The law requires that, when an indictment is found, it shall be presented to the court, and filed by the clerk.  Code, section 4293.  There was a failure to fill a blank, to complete a date that it was not necessary to particularly specify, the presumption being that the finding of the indictment was of the term at which it was presented to the court and filed.  The date in that particular is specific and certain  There is no requirement of the statute that the other date should be specified.

III.  The indictment was found in Iowa county, and the venue changed to Benton county.  There is

**3. CRIMINAL law: change of venue; certification of papers.** but one defendant and the clerk of Iowa county transmitted the original papers and a certified copy of all entries in the cause to Benton county.  The defendant objected to arraignment, because the indictment and the minutes of testimony taken before the grand jury were not certified to by the clerk.  The law makes no such a requirement.  In such a case it is the duty of the clerk to transmit the original papers on file in the case, preserving a transcript of the same filed in his office, and also transmit a certified copy of all record entries.  Code, section 4377.  It is urged that the

indictment and minutes of the testimony should have been identified by the clerk. They were the originals, and transmitted as such. No further identification was required. If the defendant doubted their authenticity, they were open to verification by comparison with the preserved record in Iowa county, a certified copy of which was obtainable. Sections 4293 and 4294 of the Code provide that the indictment and minutes of testimony taken before the grand jury must be presented to the court, be filed by the clerk, "and remain in his office as a record." Section 4377, as before stated, provides in a case like this, where the venue is changed, that the original indictment and minutes of testimony shall be transmitted to the county to which the change is granted, and it is urged that the sections are in direct conflict, and that the clerk "can't follow both," and that in either case, the papers "should be identified by proper certification, and not to do so is fatal to their use." We think the different provisions of the statute, when considered together with the purposes of their enactment in view, are not in conflict; but, even if so, there is nothing in the results prejudicial to the defendant. Nothing in the case in any way indicates that he has not been tried upon a genuine record. We are not to regard errors that do not affect substantial rights. Code, section 4538.

There are some complaints of the instructions given, but the points argued are, in the main, those we have considered on the objections to the indictment. The instructions, on their face, show no reversible error, and, as the testimony is not in the record, their applicability to the case is not to be considered.

The judgment is AFFIRMED.