THE STATE OF IOWA, Appellee, v. CHARLES STONE, Appellant.

Assault: EVIDENCE: INSTRUCTIONS.

*Appeal from Hamilton District Court.*—HON. D. R. HINDMAN, Judge.

TUESDAY, MAY 9, 1893.

INDICTMENT for an assault with an intent to commit murder. There was a verdict of assault with intent to inflict a great bodily injury. From the judgment on the verdict, the defendant appeals.—*Affirmed.*

*Hyatt & Hyatt,* for appellant.

*John Y. Stone,* Attorney General, and *Thomas A. Cheshire,* for the State.

GRANGER, J.—I. It is said that the evidence fails to show that the offense was committed in Hamilton county, where the indictment was returned. The case is before us on an abstract filed by the appellant and an amendment by appellee. Both abstracts contain testimony, but there is no showing whatever as to whether they contain all the testimony, or, if not all, what part they contain. Under such a condition of the record we could not reverse the case, even if we found the testimony in the record insufficient. *State v. Carr,* 43 Iowa, 418. We have, however, examined the evidence as presented, and think the verdict, in the particular of this complaint, has abundant support.

II. The court, in effect, instructed the jury that an assault with intent to commit manslaughter was a degree of the offense charged in the indictment, and of this the appellant complains, on the ground that no such crime is specified in the statute. This precise question was determined in *State v. McGuire*, 87 Iowa, 142. The case sustains the action of the district court.

III. There are complaints as to certain instructions given by the court, and of refusals to give others asked by the defendant. The complaints are not so much of the law, as stated in the instructions, as of the "negative form" of presenting the propositions, and of the "manner" of their being stated. The complaint in this respect, in argument, is quite general, and no intelligent discussion of the merits of the different instructions can be presented without setting them out in the opinion, which we think it unnecessary to do. We think the instructions given by the court correctly state the law, and in a manner that is fair to the defendant and just to the state. Those asked by the defendant are not more so. The defendant has no just grounds of complaint because of the instructions given.

IV. There is also a complaint as to the rulings of the court on the admission and exclusion of evidence. The argument refers us, in a general way, to the record, but no complaint or argument is made as to any particular ruling. We have examined the record, as we must do in such cases, and discover no error. We may also state, in this connection, that the complaint that the verdict is without support in the evidence is not subject to review under the conditions of the record as first noticed in the opinion. Before we can reverse on such a ground, it must appear that the record contains all the evidence. We may not improperly add that, with our views of the evidence in the record, we could not reverse the judgment for want of support. AFFIRMED.