Oscar Ek, Appellant, v. Phillips Fuel Company, Appellee.

**Master and servant:** NEGLIGENCE: SAFE PLACE TO WORK. In this action for injury to the driver of a coal mining car the evidence is held to take the question of defendant's negligence in failing to furnish plaintiff a safe place to work, because of a protrusion from a rib of the entry, to the jury.

**Same:** CONTRIBUTORY NEGLIGENCE: ASSUMPTION OF RISK: EVIDENCE. The fact that plaintiff had not seen the protrusion on the rib of the entry, that his position when driving the car and previously passing through the entry in going to and from his work was not favorable to a discovery of it, rendered the questions of his negligence and assumption of the risk for the jury.

**Appeal:** ABSTRACT: PRESUMPTION AS TO EVIDENCE. It will be presumed on appeal that the appellant's abstract contains all the evidence necessary to a consideration of the errors presented, unless the appellee shall supply alleged omissions by an amended abstract.

*Appeal from Wapello District Court.*—HON. F. M. HUNTER, Judge.

WEDNESDAY, NOVEMBER 20, 1912.

ACTION for damages against an employer for personal injury sustained by his employee in a coal mine. The defense was a general denial and a plea of contributory negligence and assumption of risk. At the close of plaintiff's evidence, the trial court directed a verdict for the defendant. Plaintiff appeals.—*Reversed.*

*E. R. Mitchell* and *J. C. Mitchell,* for appellant.

*McNett & McNett,* for appellee.

EVANS, J.—The plaintiff was a coal miner, and was in the employ of the defendant. He began work for the defendant on December 1, 1909, and worked at "driving entries" until and including January 28, 1910. On the morning of January 29th he was ordered to drive a mule team for that day. At 3:40 p. m. of that day he received the injury complained of, which resulted in the partial loss of his thumb. His thumb was crushed by a protruding rock which extended from the rib of the entry to a point which was perpendicular above the track rail. The point to which such protrusion extended was three feet and four inches above the rail, and gave a clearance above the edge of the car of only two inches. The immediate circumstances of the accident are described by the plaintiff in his testimony as follows:

At the time of the accident, I had my right foot on the bumper of the car and my left foot on the tail chain, and my left hand on the mule's rump, and my right hand on the car inside a little ways from the corner of the car on a chunk of coal. The tail chain run from the single-tree and hooked onto the bumper or drawbar. The drawbar passes through the car. As much as I have been around mines and seen drivers, I would say this is the usual position for drivers. This position is taken so that in going over a little hill, or if you have to stop the car, you can do so without the car running upon the mule. The mule doesn't work in shafts and has no way to hold a car that is going down a hill or incline. . . . As I was going down with my load to the bottom in that position, my thumb was crushed down to the joint by a rock protruding ⁀out. This is the same rock I testified to as to its height and distance above and below.

Plaintiff's evidence tends to show that the entries in this mine were required to be from seven to eight feet wide, and to have perpendicular walls or ribs and to be four and one-half feet high. This particular entry had the appropriate width at its bottom, and had also the appropriate height, but its walls sloped toward each other, so that the top width was only two feet and four inches.

I. The first question presented for our consideration is: Was there evidence of negligence on the part of the defendant in failing to furnish to plaintiff a safe place to work as a driver? This question must be answered in the affirmative. Under the evidence, the question of defendant's negligence was fairly one of fact under all the circumstances. Such a protrusion is naturally suggestive of increased danger to a driver and especially while upon a loaded car. The case is similar at this point to *Duffey v. Consolidated Co.*, 147 Iowa, 225.

*1. Master and servant: negligence: safe place to work.*

II. Did it appear from all the evidence that there was contributory negligence or assumption of risk on the part of the plaintiff as a matter of law? The facts in

support of both of these defenses are so interwoven that we need not consider the defenses separately. There is more difficulty at this point than at the first. The plaintiff was an experienced miner. But this was his first day as a mule driver in this mine. For three weeks prior to this time, however, he had passed along this entry while going to and from his mining work, and had thereby had the opportunity thus afforded to ascertain the general condition of the entry and its ribs. On the day of the accident he had hauled between thirty and thirty-five loads before the accident occurred, and had therefore passed the place of the protruding rock more than sixty times. The evidence is that he had not in fact observed at any time the protrusion. As against this, it is urged by the appellee that the condition was so obvious that he was bound to observe it, and that he is therefore charged with knowledge whether he observed it or not. The evidence shows plaintiff to be about five feet seven inches tall. His custom in passing along the entry to his mining work was to walk in a stooped position, with his hands behind his back and with his face down, and his head about two feet lower than his usual height. He carried a miner's lamp in his cap, which threw its light five or six feet or more in front of him. He kept his course in the middle of the track. In so doing he necessarily passed each time within a few inches of the protrusion. It is quite manifest that such protrusion did not present so great a menace to a person passing along the entry in such manner as it presented to a driver of a coal car, nor was the plaintiff bound as a matter of law at that time to look beyond his own safety, nor to ascertain the defects which involved danger to a driver. True, the fact that he had so many opportunities to discover the protruding rock would be a proper circumstance to go to the jury, and the jury might properly find therefrom that he did know the condition of the entry and its

*2. SAME: contributory negligence: assumption of risk: evidence.*

ribs, notwithstanding his denial of knowledge of this particular condition. But, even so, it was a question for the jury, and not for the court at this point.

Turning, therefore, to the other phase of the evidence, wherein it appears that he had passed this point with a load more than thirty times on the day of the accident, was he thereby bound as a matter of law to have discovered this protrusion? The position occupied by the plaintiff—with one foot upon the tail chain and one upon the draw'bar, and with one hand upon the mule and one upon the car—was the usual one for drivers to occupy. He necessarily occupied a low stooping position with his face forward and down. This ordinary position was not favorable to the discovery of this particular danger. It is not claimed by appellee that the plaintiff was bound to make inspection of the entry in the ordinary sense. Its contention is that the condition was so obvious that the plaintiff was bound to see it. Special reliance is based upon the case of *Flockhart v. Coal Co.*, 126 Iowa, 576. In that case the accident occurred upon a new track. The specification of negligence was that there was no ballast thereon. The plaintiff therein was an experienced driver. It was held in that case that the unballasted condition of the track was so obvious that the plaintiff was bound to know it. The cases are not parallel. The obviousness of the defect stands out much more clearly in the cited case than in the case before us. In order to hold, therefore, in the case at bar that the plaintiff was bound to discover the protrusion complained of, we would have to go a step farther than we did in the *Flockhart* case. We think we would not be justified in so holding. We must hold, therefore, that the questions of contributory negligence and assumption of risk were for the jury.

III. A question of appellate practice is presented in appellee's brief. The first complaint is that appellant's brief fails to comply with the requirements of section 53 of the court rules. Since this objection was made appellant

has filed an amended brief which fully meets the question

3. Appeal: abstract: presumption as to evidence.

thus raised, and we need give no further attention to this feature of the case. The further objection is made that appellant's abstract does not purport to give *all* the evidence; the certificate thereto being as follows: "The above and foregoing is all the evidence offered or introduced on the trial of the cause *material* to or in any manner bearing on any matter, question or issue involved in this ,appeal." This objection is based upon a long line of decisions under the rules formerly in force from *Hubbard v. Epperson,* 40 Iowa, 408, to *State v. Stone,* 88 Iowa, 724. Counsel for appellee have evidently overlooked the change of rules which went into effect some years ago. Under our present rules, we indulge the presumption that appellant's abstract does contain all the evidence necessary for the consideration of the errors presented, unless the appellee shall supply alleged omissions by amended abstract. Code, section 4118, and rules 30, 31, 32. Appellee's exception to the state of the record must therefore be overruled.

For the reasons already indicated, the judgment of the trial court must be—*Reversed.*