**STATE of Iowa, Appellee,**

v.

**Clifford Eugene JOHNSON, Appellant.**

**No. 52884.**

Supreme Court of Iowa.

May 6, 1969.

Gene L. Needles, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

BECKER, Justice.

Defendant was indicted for assault with intent to commit murder. After jury trial he was convicted of assault with intent to commit manslaughter. He was sentenced to five years in the Iowa State penitentiary, to be served consecutively after the 25 year sentence imposed for conviction of the robbery with aggravation portion of the charges. See State v. Johnson, Iowa, 162 N.W.2d 453. Defendant appeals on various

grounds herein. We affirm the conviction and sentence.

■ I. Defendant argues his motion for a directed verdict should have been sustained because the conflict in the identification of defendant by the State's witnesses raised a reasonable doubt as a matter of law. The rule is stated in State v. McClelland, Iowa, 162 N.W.2d 457, 461: "1. On an appeal by defendant based upon claimed insufficiency of evidence to support a conviction, we view the evidence in that light most favorable to the State. It is the function of the jury, not ours, to decide disputed questions of fact, including permissible inferences to be drawn therefrom, and its finding is binding upon us unless without substantial support in the record or clearly against the weight of the evidence. * * *."

Viewed in light of the above rule the evidence generated a jury question. William Dean Miller, Jr. was working on his car at a service station in Des Moines when it was robbed by Glen Shiffer who entered the station wearing a silk stocking over his face and a gun in his hand. Defendant Johnson was seen standing outside the station. Mr. Miller, Jr. saw Shiffer leave the station with the gun and a money bag. He saw both Shiffer and defendant Johnson running from the station. As they ran Shiffer handed the gun and the money bag to defendant who then turned and fired a shot at Miller, Jr. The witness heard the bullet strike a pole about three feet from him. Mr. Miller had seen defendant Johnson two or three times before the incident and had talked to him but did not know defendant's name. The identification was positive.

Mr. Miller, Jr. described defendant Johnson as taller than Shiffer and Shiffer was wearing light pants while Johnson was wearing blue levis.

William Dean Miller, Sr., the father of the first witness, was also at the station that night. He identified Shiffer as the man who came into the station with the gun but could not identify the man who fired at his son. He testified the man who fired the shot was the taller of the two and had on dark pants. Both men stated Shiffer walked with a stagger or a strange limp. Both Mr. and Mrs. Day, nearby residents, testified they saw the shot fired and both said the taller of the two fired the pistol. Mr. Miller, Sr. also testified the shorter of the two had a silk stocking pulled down over his face.

There were some discrepancies in the various witnesses' description of the way the men walked and ran and which wore the darker clothes. These matters were clearly for the jury. Defendant places his main reliance on the testimony of State's witness Patricia Ann Lewis who also viewed his flight from the station. She agreed he was wearing the light-colored pants, limped some and she saw him remove the stocking from his face. Miss Lewis testified positively it was Shiffer who fired the shot and then gave the gun to defendant Johnson.

■ The conflict between the testimony of Mr. Miller, Jr. and Miss Lewis was for the jury. Their testimony had to be assessed in light of all of the other evidence in the case. The evidence generates a fair inference of guilt and raises something more than mere suspicion or conjecture. State v. Daves, 259 Iowa 584, 586, 144 N.W.2d 879. Stated otherwise the jury verdict on this issue is binding on us unless clearly against the weight of the evidence.

" 'In a criminal action the cause should be submitted to the jury and the court should not direct a verdict of acquittal, *if there is any substantial evidence reasonably tending to support the charge.*' (Emphasis supplied.)" State v. McClelland, supra, (loc. cit. 162 N.W.2d, page 461).

II. Defendant next urges the jury reached an impossible verdict. The only evidence of assault is the evidence of firing a gun in the direction of Miller, Jr. Malice may be inferred from assault with a deadly weapon. Since the difference between as-

sault with intent to murder and assault with intent to commit manslaughter is the absence of malice, the jury had to find defendant guilty of assault with intent to commit murder, or find him innocent. In State v. Crutcher, 231 Iowa 418, 425, 1 N.W.2d 195, we said: "An assault with intent to commit manslaughter is an assault under such circumstances that had death ensued the crime would have been voluntary manslaughter. It lacks the element of malice necessary in assault with intent to murder. * * *."

We must first say this argument is raised here for the first time. No objection to submission of the included offense is shown either at the time of submission or in a motion for a new trial. The matter is not properly before us. State v. Everett, Iowa, 157 N.W.2d 144, 148. While admittedly unnecessary to this opinion, we are constrained to add that the law permits, but does not require, the jury to infer malice from the circumstance of use of a deadly weapon. This is a matter for the fact finder, and the jury may, as it apparently did here, find the entire evidence did not justify a finding of malice. We have repeatedly approved the submission of assault with intent to commit manslaughter. State v. Marish, 198 Iowa 602, 200 N.W. 5; State v. Mart, 237 Iowa 181, 20 N.W.2d 63; Mart v. Lainson, 239 Iowa 21, 30 N.W.2d 305; State v. Shipley, 259 Iowa 952, 146 N.W.2d 266. In State v. Marish, supra, we said: "* * *. The crime of an assault with intent to commit manslaughter, while somewhat anomalous in some aspects, is recognized as included in a charge of assault with intent to commit murder. State v. White, 45 Iowa, 325; State v. Postal, 83 Iowa, 460, 50 N.W. 207; State v. McGuire, 87 Iowa, 142, 54 N.W. 202; State v. Bunn, 195 Iowa, 9, 190 N.W. 155 and other cases there cited." (loc. cit. 198 Iowa, page 606, 200 N.W. page 7). Despite the doctrinal problems inherent in the submission of such a charge as an included offense, we are not prepared to abandon the rule followed in State v. Marish, supra.

III. Defendant also contends the assault itself was not proved. Enough facts have heretofore been recited to dispose of the contention. The gun was fired in the direction of Miller, Jr., close enough for him to hear the bullet pass through the leaves of the tree and strike a pole. The jury might have found defendant did not fire at Miller, as defendant now contends. The verdict does not so indicate. We have approved an instruction defining simple assault as a menace or attempt to do unlawful violence to the person of another, coupled with the means, ability, and intent to inflict the injury. State v. Leahy, 243 Iowa 959, 964, 54 N.W.2d 447. The same case holds pointing a loaded gun at another under circumstances constituting a threat to shoot can be the basis for assault with intent to inflict great bodily injury.

IV. Defendant claims he was denied a speedy indictment contrary to section 795.1, Iowa Code, 1966, and thus to a speedy trial contrary to the Iowa Constitution, Article I, section 10 and the United States Constitution, Amendment 6. The procedural history follows: The crime was committed on April 3, 1967 and defendant was arrested the same night. Preliminary informations charging assault with intent to commit a felony and robbery with aggravation were filed April 4, 1967. He was arraigned on both charges April 5, 1967, pled not guilty and the preliminary hearing was set for April 19, 1967. Bond was set at $10,000 in each case. Defendant was held in jail in lieu of bond. At the April 19 hearing he waived preliminary hearing and was bound over to await action by the grand jury. The calendar sheet of the district court clerk has an entry showing Henry T. McKnight was defendant's attorney when the order of transmittal arrived in the clerk's office, April 21, 1967. A further calendar entry shows Gene L. Needles, defendant's present attorney, was appointed to defend him on June 23, 1967.

On May 19, 1967 a county attorney's information was filed charging defendant with robbery with aggravation. The grand

jury did not indict on the instant charge until June 21, 1967 well over 30 days after the defendant was bound over to await action by the grand jury. Section 795.1, Code, 1966, provides: "When a person is held to answer for a public offense, if an indictment be not found against him at the next regular term of the court at which he is held to answer, or within thirty days, whichever first occurs, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown. An accused not admitted to bail and unrepresented by legal counsel shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this section as to dismissal."

Former section 795.1, Code, 1964 was repealed and reenacted by the Sixty-second General Assembly, Acts 1967, ch. 400, section 258, effective August 15, 1967. However, the reenactment dealt only with elimination of terms of court and did not change the effect of the statute in force at the time of defendant's incarceration.

A significant change in the statute was made by the Sixtieth G.A., Acts 1963, ch. 332, section 1, when the time for indictment was shortened to 30 days and the last sentence of the section was added. We are now concerned with these additions.

We have interpreted section 795.1, as amended, several times. Where a defendant is represented by counsel and is free on bond, failure to request or demand a speedy trial constitutes a waiver of the right to dismissal for failure to indict within the statutory specified time. State v. Lindloff, Iowa, 161 N.W.2d 741, 743, and citations.

In interpreting section 795.2, dealing with right to a speedy trial, as distinguished from right to speedy indictment, we have held that where a defendant is incarcerated and not represented by counsel, failure to request or demand immediate disposition of the matter does not constitute a waiver of the statutory right. State v. Dillon, 258 Iowa 784, 786, 139 N.W.2d 925, and citations. We have been cited no case decided since section 795.1 was amended where defendant was represented by counsel but was still in jail. But see Parrott v. Haugh, Iowa, 158 N.W.2d 766 where section 795.1 was involved but not separately interpreted. Defendant does not contend he was without counsel. He would have us change the *"and"* in the statute to interpret it to mean if a person is unrepresented by counsel *or* held in jail, failure to make a request for speedy disposition shall not constitute a waiver. Both the plain wording of the statute and the development of the case law on the subject militate against defendant's position.

A defendant with counsel is in a position to assert his rights. He may well wish to forego early State action in order to receive a fair trial or to have additional time to prepare his case.[1] The statute was promulgated to assure defendants a speedy trial, not to trap the State officials. We have strictly adhered to the statute where a speedy indictment was demanded and not met. State v. Bowers, Iowa, 162 N.W.2d 484.

We now hold that if a defendant is represented by counsel he must make a request or demand to enforce guarantee to speedy indictment or he shall be deemed to have waived such right.

V. The State argues, in effect, that defendant's incarceration on another charge makes section 795.1 inapplicable to this charge. We do not reach the question and do not decide it.

VI. Defendant next raises the question of credit for time spent in jail

[1] In this case defendant requested a continuance on July 21, 1967 on grounds he needed time to prepare his defense and in order to avoid being tried by the same jury panel that convicted him of the robbery charge.

pending disposition of these proceedings. He bases his argument on additions to Iowa Code, 1966. A new section to chapter 791 and a new clause to section 246.38 were added by the laws of the Sixty-second General Assembly (1967), chapter 422.

The new section in chapter 791 reads:

" 'Whenever any person who has been confined to jail at any time prior to sentencing because of failure to furnish bail, is sentenced to the county jail, the court shall backdate the execution of judgment or mittimus a sufficient number of days to give such person credit upon any sentence imposed for the time already spent in jail.' "

The addition to section 246.38 reads: " '; provided, however, if a convict had been confined to a county jail or other correctional or mental institution at any time prior to sentencing or after sentencing but prior to his case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, he shall be given credit for such days already served in jail upon the term of his sentence. The clerk of the district court of the county from which the convict was sentenced, shall certify to the warden the number of days so served.' "

While defendant acknowledges he was in jail on two charges, in his argument he ignores the incarceration for aggravated robbery. He states: "Again we reiterate that this defendant could not make bond in the assault case and consequently remained in custody." This is not strictly accurate. Failure to make bond in each of the cases kept defendant in jail. Had defendant made bond in the assault case he would still have remained in jail unless he also made bond in the robbery with aggravation case.

We do not hold that defendant would not be entitled to credit in either case. But, rather, that he is not entitled to credit in both cases where the sentences are consecutive. Since the sentence in the instant case is to run consecutively commencing after time for robbery with aggravation has been served, the credit, if any, must be applied to the first case. The robbery case is not before us. The problem of credit involves the additional factors of the effective date of the above legislative enactment and whether the statutes are retroactive or prospective. Since the matters are not before us in this case we do not decide them.

VII. Defendant also claims the same amendments afford credit for all time served to date even though he was incarcerated on a lawful robbery conviction since June 22, 1967. Such an interpretation would effectively nullify the judicial power to order sentences to be served consecutively, section 789.12, Iowa Code, 1966. Bernklau v. Bennett, Iowa, 162 N.W.2d 432, 435. Since June 22, 1967 defendant has not been confined "because of failure to furnish bail or because of being charged with a nonbailable offense" as required by the new statutes. He has been confined during that time because of another conviction. We reject the contention.

VIII. Finally, defendant argues the sentence was excessive in light of the sentence he received for aggravated robbery. We cannot agree. In State v. Kulish, Iowa, 148 N.W.2d 428, 433, we said: "This court has the power and authority to reduce the punishment, section 793.18, Code, 1966, but does so only where an abuse of discretion is shown or there has been a failure to follow a specific statutory provision. State v. Simpson, supra, [254 Iowa 637, 118 N.W.2d 606]; State v. O'Dell, 240 Iowa 1157, 39 N.W.2d 100. We also recognize that under our system the ultimate determination of the length of sentence, within the statutory maximum rests with the parole board. State v. Hixson, 208 Iowa 1233, 227 N.W. 166. Assessment of mitigating factors, including the type of crime and the age of defend-

ant and any other pertinent factors, is for the parole board. Cave v. Haynes, 221 Iowa 1207, 268 N.W. 39; State v. Davenport, 149 Iowa 294, 128 N.W. 351."

Affirmed.

All Justices concur.