# IN THE COURT OF APPEALS OF IOWA

No. 13-0482
Filed July 30, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ROBERT LEE PATE,**
　　　　Defendant-Appellant.

_____

　　　　Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

　　　　Robert Lee Pate appeals the denial of his request for credit for time served. **AFFIRMED.**

　　　　Mark D. Reed of Marbarry Law Firm, P.C., Urbandale, for appellant.

　　　　Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee.

　　　　Considered by Vogel, P.J., Mullins, J., and Mahan, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

Robert Pate appeals the denial of his request for credit for presentence time served on his fifty-year sentence for possession of a controlled substance with intent to deliver as a second or subsequent offender. Pate was arrested in 2007 after a large amount of crack cocaine was found in his possession. The State dismissed the charges without prejudice on November 13, 2007, when the federal government indicted Pate on one count of possession with intent to distribute at least fifty grams of crack cocaine. After the federal prosecution was dismissed in 2009, the State re-filed complaints identical to those filed in 2007.

Following his conviction and sentence, Pate filed a request for credit for time served from the time of his 2007 arrest until sentencing, which the district court denied. On appeal, Pate contends he is entitled to credit for time served before sentencing under Iowa Code section 903A.5 (2011), which states:

> If an inmate was confined to a county jail, municipal holding facility, or other correctional or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of the sentence.

Pate argues he is entitled to credit for the entire time he remained incarcerated in a jail facility or correctional facility during "successive prosecution for the same offense" by different governmental units.

We conclude Pate is not entitled to credit for time served prior to sentencing. Even assuming, without deciding, that Pate could receive a credit for time served while the State and federal government pursued charges against him that were later dismissed, Pate does not meet the criteria for credit set forth in

section 903A.5 because upon his arrest in 2007, Pate's parole on a twenty-five year, suspended sentence for an unrelated charge was revoked. During the time Pate faced prosecution on all state and federal charges filed against him, he was serving this sentence. As such, Pate was not confined to a jail or correctional facility because of failure to furnish bail or being charged with a nonbailable offense. *See State v. Johnson*, 167 N.W.2d 696, 701 (Iowa 1969) (holding a defendant who was incarcerated on an unrelated conviction while facing new charges was not confined because of failure to furnish bail or because of being charged with a nonbailable offense but "because of another conviction"); s*ee also State v. Orte*, 540 N.W.2d 435, 438 (Iowa 1995) (holding a defendant convicted of homicide by vehicle was not entitled to credit for presentence time spent in jail when defendant bonded himself out on homicide-by-vehicle charge and served jail time on an unrelated drug conviction because of a probation violation). Because Pate's sentences for his unrelated conviction and the present one were ordered to run consecutively rather than concurrently, no credit is available.[1] *Compare Johnson*, 167 N.W.2d at 701 (holding a defendant confined on an unrelated charge prior to sentencing is not entitled to credit in both cases where the sentences are consecutive), *with State v. Harrison*, 468 N.W.2d 215, 217-18 (Iowa 1991) (allowing presentence credit for time spent in jail on unrelated charge when sentences were ordered to run concurrently). Accordingly, we affirm the denial of his request for credit for time served.

**AFFIRMED.**

---

[1] The record indicates the time served is properly being credited to the twenty-five year sentence on his prior conviction.