# IN THE COURT OF APPEALS OF IOWA

No. 14-0392
Filed June 10, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JONATHON MANDEL CLAUSELL,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Union County, Gary G. Kimes, Judge.

A defendant appeals the denial of his motion to correct an illegal sentence. **AFFIRMED.**

Kevin Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, and Tim Kenyon, County Attorney, for appellee.

Considered by Potterfield, P.J., Mullins, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, S.J.**

Jonathon Clausell appeals the denial of his motion to correct an illegal sentence. He contends his credit for time served was improperly calculated. Because the district court properly credited Clausell for time served, we affirm.

## I. BACKGROUND FACTS AND PROCEEDINGS.

On April 18, 2008, Clausell was arrested on charges filed in Montgomery County. Clausell eventually pled guilty to those charges. He remained in the Montgomery County Jail until he was sentenced on August 4, 2008.[1]

On April 29, 2008, while he was still being held in the Montgomery County Jail, an arrest warrant was issued against Clausell in Union County. He was transferred to the Union County Jail to face the Union County charges on August 4, 2008, after being sentenced in the Montgomery County case. On December 19, 2008, he pled guilty to second-degree robbery and accessory after the fact.

Clausell remained in the Union County Jail until he was sentenced by judgment entries filed in the Union County case on December 29, 2008. He was ordered to serve a term of incarceration of not more than ten years on the robbery conviction and a term of incarceration of not more than two years on the accessory-after-the-fact conviction. Those sentences were ordered to run concurrently to each other and consecutively to the sentence imposed in the Montgomery County case. Clausell was given credit for 148 days for time served in Union County from August 4, 2008, until December 29, 2008.

---

[1] The State asserts in its brief that Clausell received credit on the Montgomery County sentence for the time he spent in the Montgomery County Jail. We assume for the purposes of this ruling that appropriate credit was given on the Montgomery County sentence.

On January 27, 2014, Clausell filed a motion seeking credit on the Union County sentence for the time he spent in Montgomery County Jail between the time the arrest warrant was issued on April 29, 2008, and his transfer to Union County on August 4, 2008.  His motion was denied, and this appeal followed.

**II. ERROR PRESERVATION AND SCOPE OF REVIEW.**

Although Clausell waited five years to challenge the credit he received for time served, an illegal sentence may be corrected at any time.  *See* Iowa R. Crim. P. 2.24(5)(a).  "We review 'the trial court's application of pertinent sentencing statutes for correction of errors at law.'"  *State v. Calvin*, 839 N.W.2d 181, 184 (Iowa 2013) (quoting *State v. Hawk*, 616 N.W.2d 527, 528 (Iowa 2000)).

**III. ANALYSIS.**

Criminal defendants "shall receive full credit for time spent in custody under the sentence prior to correction or reduction."  Iowa R. Crim. P. 2.24(5)(b).  Iowa Code section 903A.5(1) (2007) requires an inmate who is confined to county jail at any time prior to sentencing because of failure to furnish bail "be given credit for the days already served upon the term of the sentence."  Clausell therefore contends he is entitled to credit in the Union County case for the ninety-seven additional days he spent in jail in Montgomery County.

When a person is sentenced for two or more separate offenses and consecutive sentences are imposed, "the several terms shall be construed as one continuous term of imprisonment."  Iowa Code § 901.8.  Because Clausell's prison sentence in the Union County case was ordered to run consecutively to the sentence issued in the Montgomery County case, he is already receiving a

credit for the ninety-seven days spent in Montgomery County Jail in the Montgomery County case. Crediting him in the Union County case for the time spent in Montgomery County Jail during that same period would lead to a double credit for that time, which "would effectively nullify the judicial power to order sentences to be served consecutively." *See State v. Johnson*, 167 N.W.2d 696, 701 (Iowa 1969) (holding a defendant confined on an unrelated charge prior to sentencing is not entitled to credit in both cases when consecutive sentences are imposed). We seek to interpret a statute to best effect its purpose and while harmonizing it with other pertinent statutes. *State v. Sullins*, 509 N.W.2d 483, 485 (Iowa 1993). Reading section 901.8 together with section 903A.5, we conclude time served before sentencing for two unrelated charges may only be credited against the aggregate of a consecutive sentence.

Because Clausell's sentence in the Union County case was ordered to run consecutively to his sentence in the Montgomery County case, he is not entitled to credit in the Union County case for time served in the Montgomery County Jail. Accordingly, we affirm.

**AFFIRMED.**