THE STATE v. COLLIS.

1. **Criminal Law:** AUTHORITY OF GRAND JURY: AS TO CHARGE ONCE DISMISSED. The authority of the grand jury to make inquiries and find indictments does not depend on the submission by the court to them of charges against supposed offenders; (see Code, §§ 4268, 4272;) and § 4290 of the Code, providing that a charge once dismissed shall not again be submitted to the grand jury without the direction of the court, does not prevent the grand jury, on its own motion, from investigating the charge and finding a valid indictment thereon.

*Appeal from Des Moines District Court*—HON. C. H. PHELPS, Judge.

SATURDAY, DECEMBER 17.

THIS is an appeal by the state from an order dismissing an indictment.

*A. J. Baker, Attorney-general*, for the State.

*Antrobus & McArthur*, for defendant.

REED, J.—A preliminary information was filed before a magistrate, charging the defendant and one Frank Clark with a public offense. Upon an examination, the magistrate held the parties to answer any indictment which the grand jury might return against them. At the next term of the district court, the papers relating to the preliminary examination were submitted to the grand jury, but the grand jury refused to find an indictment against the parties, and returned the papers with an indorsement thereon to the effect that the charge was dismissed. A subsequent grand jury, however, without having had the charge submitted to it by the court, returned an indictment against this defendant alone, charging him with the same public offense. The ground of the motion to dismiss is that the grand jury did not have authority, in the absence of an order of court resubmitting the charge to them, to return an indictment charging the defend- ant with the same offense. It is the duty of the court to

submit to the grand jury all papers relating to the arrest and preliminary examination of persons who have been held to answer. (Code, § 4289.) The same section also provides that the grand jury, if it refuses to find an indictment in any case thus submitted to it, shall return the papers therein to the court, with an indorsement thereon, signed by the foreman, to the effect that the charge is dismissed. It thereupon becomes the duty of the court to order the discharge of the defendant from custody, or the exoneration of his bail, unless the court should be of opinion that the charge should be again submitted to the grand jury, in which case the defendant may be continued on bail or in custody until the next term of court. Section 4290 is as follows: "Such dismissal of the charge does not prevent the same from being again submitted to the grand jury, as often as the court may direct; but without such direction it cannot again be submitted."

The question in the case is whether the last clause of the section prohibits the grand jury from finding an indictment on a charge which has once been dismissed, but which has not been resubmitted to it by the court. We think it does not. The provision relates merely to the matter of the *submission* of such causes to the grand jury. After they have been once dismissed, they can be resubmitted only by direction of the court; that is, the court can require the grand jury to again investigate the charge, only by directing it to be resubmitted. But the power of the grand jury in the premises is not dependent upon the order or direction of the court; its powers and duties are prescribed by other provisions of statute. The oath which is administered to the members of the grand jury requires them to make diligent inquiry and true presentment of all public offenses against the people of the state, committed or triable within the county, of which they have or can obtain legal evidence. (Code, § 4268.) And section 4272 provides that "the grand jury has power, and it is made its duty, to inquire into all indictable offenses committed or which may be tried within the county, and

present them to the court by indictment." The general nature of the powers and duties imposed upon the grand jury by these provisions is in no manner qualified or limited by section 4290.                                    REVERSED.