STATE OF IOWA v. GEORGE H. SCOTT, Appellant.

**Former Jeopardy:** QUASHING INDICTMENT: *Construction of statute.* A discharge from an indictment, on a motion to quash, because the grand jury was not apportioned, selected, or drawn as provided by law, is not a bar to a prosecution under another indictment for the same offense, under Code, section 4344, providing that an order to set aside the indictment because the grand jury was not properly selected, shall be no bar to a further prosecution, although section 4342 provides, that if the motion is granted, the defendant must be "discharged," his bail exonerated, or money deposited, refunded to him, unless the court direct the case to be remitted to the same, or another grand jury. It is not a fair construction of said statutes to say that setting aside the indictment, is a bar unless a resubmission is ordered.

*Appeal from Calhoun District Court.* — HON. S. M. ELWOOD, Judge.

FRIDAY, OCTOBER 9, 1896.

DEFENDANT was convicted of the crime of keeping a liquor nuisance, and appeals.—*Affirmed.*

*M. R. & Brown McCrary* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

DEEMER, J.—At the regular February, 1895, term of the district court of Calhoun county, the grand jury returned an indictment against the defendant for the crime of maintaining a liquor nuisance. Defendant was arrested on bench warrant, and appeared, and moved to set aside and quash the indictment, for the reason that the grand jury was not apportioned,

selected, or drawn as provided by law. This motion
was sustained. Thereupon a new grand jury was
selected, and they on the eighth day of March, 1895,
returned another indictment against the defendant
for the same offense. Defendant was tried and con-
victed on this second indictment. His plea was a
former acquittal of the offense, by reason of the
proceedings had upon the first indictment. The court
directed the jury that this did not constitute a good
plea in bar, and of this defendant complains. The
single question presented is whether the discharge of
the defendant from the first indictment, on his motion
to quash and set it aside, constitutes such former
jeopardy as to entitle him to an acquittal on the
second presentment.

The defendant relies upon the case of *State v.
Manley*, 63 Iowa, 344 (19 N. W. Rep. 211). It is clear,
however, that this case does not touch the question
here presented. The defendant also cites sections
4342, 4357 and 4619 of the Code. An examination of
these citations discloses nothing touching the question
presented. There is one section of the Code, however,
that does seem to have some bearing. It is section
4344. This reads: "An order to set aside the indict-
ment as provided in this chapter [the chapter relating
to motions to set aside because the grand jury was
not properly selected] shall be no bar to a further
prosecution for the same offense." This chapter would
be conclusive were it not for the fact that we find in
the same chapter of the Code this further provision:
"If the motion be granted, the court must order the
defendant, if in custody, to be discharged, or, if
admitted to bail, that his bail be exonerated; or, if he
has deposited money instead of bail, that the money
deposited be refunded to him, unless the court direct
that the case be re-submitted to the same or another
grand jury." Section 4342. The contention of counsel

seems to be that, unless the court orders the case
re-submitted, the setting aside of the indictment is a
bar to a further prosecution for the same offense.
This is a strained and unnatural construction of
the statute. It simply directs what order shall
be made by one court in the event he does not
direct a re-submission of the case, and has no rela-
tion whatever to the effect to be given to the order
of discharge. The statute was manifestly enacted
in order that the court might, if it saw fit, direct that
the defendant be held in custody, or that the bail be
continued in force until the same or another grand
jury might consider defendant's case. Without it, the
defendant would be entitled to his discharge and a
release of his bond, as soon as the order was entered,
sustaining the motion. This would give him an
opportunity to escape or flee the country before
another indictment could be returned. For this reason
the statute was enacted, and it is manifest, it has no
bearing whatever upon the question of former jeop-
ardy. The same, or another grand jury, had the right
to consider the defendant's case, and it was of no con-
sequence, that he had been discharged and his bail
exonerated on motion to set aside the former indict-
ment. The following cases are in line with our con-
clusions: *State v. Smith*, 88 Iowa, 721 (55 N. W. Rep.
198); *State v. Clark*, 69 Iowa, 196 (28 N. W. Rep. 537);
*State v. Redman*, 17 Iowa, 329; *State v. Arthur*, 21
Iowa, 322. The case of *State v. Collis*, 73 Iowa, 542
(35 N. W. Rep. 625), is directly in point on the propo-
sition, that the second grand jury was authorized to
consider the defendant's case without a re-submission
of it by the court. If there were nothing in our Code
with reference to the subject, the authorities are
uniform, that a discharge of a defendant, on his
motion to quash or set aside an indictment, is not
such former jeopardy as to entitle him to an acquittal

on a second presentment for the same offense. *Finley v. State*, 61 Ala. 201; *State v. Sherburne*, 58 N. H. 535; *Bedee v. People*, 73 Ill. 320; *State v. Priebnow* (Neb.) (19 N. W. Rep. 628); 1 Bishop Cr. Law, section 1021. The instructions given by the court were correct, and the judgment is AFFIRMED.