WALTER KEEGAN, Petitioner, v. DISTRICT COURT OF BUCHANAN COUNTY et al., Respondents.

No. 46914.

NOVEMBER 12, 1946.

O'Brien & Molloy, of Independence, for petitioner.

John M. Rankin, Attorney General, and Charles H. Scholz, Assistant Attorney General, for respondents.

HALE, J.—On June 11, 1945, preliminary information was filed in the office of a justice of the peace of Buchanan county against Walter Keegan, petitioner herein, accusing him of the crime of operating a motor vehicle upon the highway while in an intoxicated condition, contrary to the provisions of section 5022.02, Code of 1939 (section 321.281, Code of 1946). Defendant in the information waived preliminary hearing. He was held to answer under bond of $500, which he furnished, and released from custody. The proceedings before the justice of the peace were duly transcripted to the district court on the same day, June 11th. The April term of court, which began on April 14th, was then in session.

The next regular term of court in Buchanan county after the hearing before the justice, began on September 4, 1945. No grand jury was called or was in session during that term. The next regular term began November 4, 1945, and again no grand jury was called or was in session. The first term of court held in 1946 began on February 4th. During all these terms of court Robert R. Melrose was the county attorney, but at the February 1946 session of the grand jury, on motion of the attorney general, Charles H. Scholz, assistant attorney general, was permitted by the court to appear before and present matters to the grand jury, and the county attorney was excluded. Before the grand jury was sworn, Keegan, defendant in the prosecution, and hereafter termed plaintiff in this proceeding, though duly called in open court, made no appear-

ance. The grand jury, on February 20, 1946, returned three indictments, one being against the plaintiff herein for the same offense with which he was charged at the preliminary hearing. On February 23d plaintiff appeared, and through his attorneys O'Brien and Molloy, who had been his attorneys at the preliminary examination, waived formal arraignment, stated he was indicted by his right name, and filed written motion for dismissal of the indictment. The motion set out the same facts to which we have referred and which were stipulated by counsel. On March 16th the motion was overruled. The ruling of the court is challenged in the certiorari proceeding. No record was filed by petitioner in this court, but a full and complete return was made by the district judge, and the facts above cited are shown thereby, in addition to the stipulation.

In support of his motion petitioner cites section 14023, Code of 1939 (section 795.1, Code of 1946):

"Failure to indict. When a person is held to answer for a public offense, if an indictment be not found against him at the next regular term of the court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

Plaintiff argues that the exception contained in the statute, "unless good cause to the contrary be shown," is not in question in this case, since the court made no finding that good cause had been shown, and there is nothing in the record upon which such finding could be made. It was not necessary that the ruling on the motion should show any findings of the court. It was sufficient that it either sustained or overruled it. We do not agree, however, that there was nothing in the record upon which such finding could be made. It is true, as claimed by plaintiff, that the burden to show good cause rested upon the state. Martens v. Gaffney, 230 Iowa 712, 298 N. W. 801. But the record was before the court. The judge had before him the allegations of the application of the attorney general showing at length and in detail why the county attorney was disqualified, that he was interested, that unless the attorney general be permitted to appear in his place the interests of the state would be jeopardized. The judge knew also that when

the application was filed it had been examined by the county attorney, that he had filed no denial or resistance to the facts alleged nor to the order of the court displacing him. The judge had before him the entire record. The judge knew that the grand jury had not met at the two terms. He knew of the failure of the defendant to appear, or to ask for a dismissal of the charge or release of the bond, and it is safe to say that a fair inference to be drawn from the record was that the continued delay was not without the knowledge and consent of the accused. On the whole record before the court and its acquaintance with the circumstances we are satisfied that there was shown "good cause to the contrary." We need go no further into the record. Even assuming that the court was in error, which we do not hold, it was such error as involved the exercise of judicial discretion and there was no abuse of that discretion. We would go a long way to hold that with the whole court record and files before it, and with the uncontradicted charge in the application of the attorney general, the court was without good cause.

Since the foregoing disposes of the case it is unnecessary to consider whether or not certiorari is a proper remedy.—Writ annulled.

All JUSTICES concur.