86 N.W.2d 819 (1957)
Ronald Henry GREIMAN, Petitioner,
v.
DISTRICT COURT OF HANCOCK COUNTY, Iowa, Respondent.
No. 49322.
Supreme Court of Iowa.
December 17, 1957.
Louise Q. Beyer, Garner, for petitioner.
Erwin L. Buck, Britt, for respondent.
OLIVER, Justice.
This is an original proceeding in certiorari to Hancock District Court, to review the validity of its proceedings in connection with a charge against petitioner of operating a motor vehicle while intoxicated, at 11:50 p. m., November 26, 1956. Preliminary information against petitioner was filed November 27. He waived preliminary examination, was held to answer the charge, and furnished appearance bond.
May 7, 1957, a county attorney's information was filed charging petitioner with the offense in question. May 9, petitioner filed a demurrer to and motion to dismiss the information. These were overruled May 14. May 20 petitioner filed an instrument entitled, (1) Motion to disqualify, to strike appearance and participation of plaintiff's attorney in prosecution of case, and to require withdrawal, and (2) Motion to Dismiss prosecution in accordance with Code sections 795.1 and 795.3. The basis of the first part of the motion was that the county attorney was a witness, as shown by the indorsement of his name upon the information, with a statement he observed petitioner shortly after the latter was arrested and in his opinion petitioner was then intoxicated. *820 June 5, the court overruled Division 2 and sustained Division 1 of the motion, on the ground the county attorney listed himself as a witness for the state and hence was disqualified to file the information. The order recited, "said county attorney's information filed May 7, 1957, is dismissed without prejudice to the state and the state is hereby authorized and may, if it sees fit again file a county attorney's information or submit the matter to a grand jury of Hancock County, Iowa, for its consideration." June 11, the Board of Supervisors appointed Erwin L. Buck, a temporary assistant county attorney under section 341.7, Code of Iowa 1954, I.C.A. June 12, Mr. Buck filed a county attorney's information against petitioner upon which the judge had indorsed his approval, charging the same offense as in the first information, in the same language.
June 17, petitioner filed a motion to set aside this information. This motion was overruled. June 19 petitioner filed an instrument entitled Demurrer to Information and June 24, Amendment to Demurrer, asserting the information charged the same offense as the previous information and was barred by the June 5 dismissal and also by the fact that no indictment was returned in the March term of court. The court overruled the demurrer and amendment. June 24 petitioner filed a plea of former acquittal (based upon the June 5 dismissal of the information) together with a plea of not guilty. June 29, (which was during the May Term) the court rendered a nunc pro tunc order, correcting its order of June 5 to comply with the intention of the court in making such order by directing that the cause be remanded and resubmitted for the purpose of filing another county attorney's information or submission to a grand jury, for its consideration.
Thereafter we granted petitioner certiorari to review said proceedings.
I. The first county attorney's information against petitioner was filed in district court, in the afternoon of May 7, a day of the May term of court. Petitioner contends that, since the grand jury was in session in the forenoon of that day, the information was invalid because not filed, "at any time when the grand jury is not actually in session," as required by section 769.2, Code of Iowa 1954, I.C.A. Although we do not agree this contention is meritorious its consideration is unnecessary for the reason the first county attorney's information was dismissed and petitioner is not held to answer it. The only county attorney's information petitioner is now held to answer is the one filed June 12, by Mr. Buck. Hence the question presented by petitioner at this point, is moot.
II. Code section 795.1 provides: "Failure to indict. When a person is held to answer for a public offense, if an indictment be not found against him at the next regular term of the court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."
The next regular term of the court at which petitioner was held to answer after he waived preliminary examination, was the March, 1957 term. Petitioner contends the failure to charge him at that term required the dismissal of the prosecution against him. Respondent answers that the court found, "good cause to the contrary was shown." According to the record the March term was to be brief because the presiding judge had arranged to be elsewhere and, to that end, had made the trial assignment in advance of the term. The grand jury met only three days during the term and then reported before the court departed. The record shows also that the county attorney conferred with one of the attorneys then representing petitioner relative to the disposition of the case during the March term and was not advised of petitioner's decision until after the grand jury had been excused for the term. This proof was sufficient to support the finding of, "good cause to the contrary" required by the statute. Keegan v. District Court, 237 Iowa 1186, 24 N.W.2d 791, 792, is here *821 in point. The court there stated: "Even assuming that the court was in error, which we do not hold, it was such error as involved the exercise of judicial discretion, and there was no abuse of that discretion." See also Martens v. Gaffney, 230 Iowa 712, 298 N.W. 801; McCandless v. District Court, 245 Iowa 599, 61 N.W.2d 674.
So, in the case at bar, the order overruling petitioner's motion to dismiss the prosecution for failure to comply with Code section 795.1 was not an abuse of the judicial discretion lodged in the trial court.
III. Petitioner contends the order dismissing the first information operated as a bar to the prosecution under the second information. With this contention we do not agree. State v. Bige, 195 Iowa 1342, 1344, 193 N.W. 17, 19, states: "A dismissal of the first indictment, had it been granted as requested by the defendant, would not be a bar to a second indictment, as claimed by defendant, if the second was returned within the statutory period of limitations. * * * The defendant had not been placed in jeopardy by the mere returning of the indictment."
Code section 776.9 provides:
"An order to set aside the indictment, as provided in this chapter, shall be no bar to a future prosecution for the same offense."
State v. Scott, 99 Iowa 36, 68 N.W. 451, involved the setting aside of an indictment and the interpretation of what is now section 776.7, which provides:
"Motion sustaineddefendant discharged. If the motion be granted, the court must order the defendant, if in custody, to be discharged; or, if admitted to bail, that his bail be exonerated; or, if he has deposited money instead of bail, that the money deposited be refunded to him, unless the court direct that the case be resubmitted to the same or another grand jury."
The opinion states: "The contention of counsel seems to be that, unless the court orders the case resubmitted, the setting aside of the indictment is a bar to a further prosecution for the same offense. This is a strained and unnatural construction of the statute. It simply directs what order shall be made by one court in the event he does not direct a resubmission of the case, and has no relation whatever to the effect to be given to the order of discharge. The statute was manifestly enacted in order that the court might, if it saw fit, direct that the defendant be held in custody, or that the bail be continued in force until the same or another grand jury might consider defendant's case. Without it the defendant would be entitled to his discharge and a release of his bond, as soon as the order was entered sustaining the motion. This would give him an opportunity to escape or flee the country before another indictment could be returned. For this reason the statute was enacted, and it is manifest, it has no bearing whatever upon the question of former jeopardy. The same or another grand jury had the right to consider the defendant's case, and it was of no consequence that he had been discharged and his bail exonerated on motion to set aside the former indictment. * * * If there were nothing in our Code with reference to the subject, the authorities are uniform that a discharge of a defendant on his motion to quash or set aside an indictment is not such former jeopardy as to entitle him to an acquittal on a second presentment for the same offense."
In State v. Brown, 128 Iowa 24, 26, 27, 28, 102 N.W. 799, 801, the October grand jury to which defendant was held to answer did not indict him. There was no order of court recommitting him or submitting his case to the following (January) grand jury, which apparently took the matter up on its own motion and indicted defendant. "This, under our statutes, it had a right to do, although defendant was not indicted by the October grand jury, and the court made no order resubmitting the case. State v. Collis, 73 Iowa 542, 35 N.W. 625."
The Collis case states [73 Iowa 542, 35 N.W. 626]: "The question in the case is whether the last clause of the section (now *822 Code section 771.22) prohibits the grand jury from finding an indictment on a charge which has been once dismissed, but which has not been resubmitted to it by the court. We think it does not. The provision relates merely to the manner of the submission of such causes to the grand jury." The decision holds the statute does not prevent the grand jury on its own motion, from investigating the charge and finding a valid indictment thereon.
State v. Hiatt, 231 Iowa 643, 1 N.W.2d 736, holds, where a motion to set aside an indictment is sustained a valid resubmission is not a condition precedent to another indictment for the same purpose.
See also State v. Asbury, 172 Iowa 606, 154 N.W. 915; 42 C.J.S. Indictments and Informations § 25; 27 Am.Jur., Indictments and Informations, section 121; Ann.Cas. 1916D, Note, 273 et seq.; United States v. Thompson, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333.
Petitioner argues the order dismissing the first information was equivalent to an order sustaining a demurrer to it. The record furnishes no basis for this argument. Code section 777.2 permits a demurrer only when it appears on the face of the indictment that it does not substantially conform to the requirements of the Code or that it contains matter which would constitute a defense or bar to the prosecution. In this case nothing on the face of the information furnishes ground for a demurrer.
Petitioner cites State v. Sexsmith, 202 Iowa 537, 210 N.W. 555, which held the sustaining of a demurrer to the indictment, unless the court ordered a resubmission to a grand jury, became a bar to any further prosecution for the offense attempted to be charged. This decision concedes the rule applicable where an indictment has been set aside on motion is different than where there has been a judgment for defendant on a demurrer. State v. Hiatt, 231 Iowa 643, 1 N.W.2d 736, supra, considers the Sexsmith case and points to various statutory provisions which require this different result. Hence, our statutes have been interpreted as providing that the dismissal or setting aside of an indictment on motion of a defendant does not bar a subsequent indictment and prosecution for the same offense.
An additional reason why the Sexsmith case is not here applicable is it involves an indictment as distinguished from the county attorney's information in the case at bar. In State v. Hartung, 239 Iowa 414, 419 to 423, 30 N.W.2d 491, 496, the court considered the Sexsmith case and held, "Section 777.9 cannot apply when a demurrer to a county attorney's information is sustained." Under the Hartung holding, which we reaffirm, if a demurrer goes to matters which can be obviated by a new county attorney's information, that procedure may be adopted, and the provisions of section 777.9 will not be applicable thereto.
It follows that the writ of certiorari should be and the same is hereby annulled.
Writ annulled.
All Justices concur.