STATE of Iowa, Appellee,

v.

Gary BOWERS, Appellant.

No. 53116.

Supreme Court of Iowa.

Nov. 12, 1968.

Frank A. Comito, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Ray A. Fenton, Des Moines, County Atty., for appellee.

MOORE, Justice.

On November 25, 1967 a preliminary information was filed in Des Moines Municipal Court charging defendant, Gary Bowers, with the crime of assault with intent to commit murder in violation of section 690.6, Code, 1966. Following preliminary hearing on December 11 the Municipal Court Judge held there were sufficient grounds to hold defendant and he was bound over to the Polk County District Court to await action by the grand jury.

Within one hour after being bound over defendant through his defense counsel, Leo Ballard, filed in the clerk's office of the municipal court a written demand for a speedy trial. A copy thereof was at that time personally handed to the assistant county attorney representing the State at the preliminary hearing. It stated: "Comes now the Defendant, Gary Bowers, and he does hereby demand a speedy trial in the above action as provided in Section 795.1, Code of Iowa, 1966."

Code section 761.25 requires that when a defendant is held for grand jury action all papers filed in the municipal court be sent to the clerk of the district court. The papers were properly received and filed in the district court on December 14, 1967. Included was defendant's demand for a speedy trial.

On January 25, 1968, 44 days after defendant's demand for a speedy trial, the grand jury returned an indictment on the same charge as made in the Des Moines Municipal Court. Throughout the proceedings defendant was represented by counsel and free on bond.

January 29, defendant filed a motion to dismiss the indictment and prosecution on the ground that he had not been indicted within 30 days as required by section 795.1. No resistance to said motion was filed. The record discloses no reason for the delay or any contention it was for good cause.

The motion to dismiss came on for hearing February 2 and was overruled. A search of the record and clerk's transcript reveals the sole reference to the denial of this motion is a calendar entry by the

trial judge stating: "Motion to dismiss overruled and defendant enters a plea of not guilty—Bond to remain." Nowhere does the record disclose the basis. upon which the motion was overruled.

Following a change of defense counsel defendant was brought to trial February 19, at the conclusion of which the jury returned a verdict finding him guilty of assault with intent to commit murder. On March 1 defendant was sentenced to a period not to exceed 30 years in the Men's Reformatory at Anamosa as provided in section 690.6, Code, 1966.

Defendant's sole contention on appeal is the trial court erred in failing to dismiss the action because of noncompliance with section 795.1. After carefully reading the briefs, record and accompanying clerk's transcript, we conclude a proper and unavoidable interpretation of section 795.1 under the facts herein presented necessitates a reversal.

Section 795.1 as it appears in the 1966 Code reads: "Failure to indict. When a person is held to answer for a public offense, if an indictment be not found against him [at the next regular term of the court at which he is held to answer, or] within thirty days, [whichever first occurs,] the court must order the prosecution to be dismissed, unless good cause to the contrary be shown. An accused not admitted to bail and unrepresented by legal counsel shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this section as to dismissal." (Brackets ours).

Section 795.1 was recently repealed by section 258, chapter 400 of the Acts of the Sixty-second General Assembly, and reenacted with the above bracketed portions deleted.

In State v. Olson, 259 Iowa 756, 145 N.W.2d 645, we construed the provisions of section 795.1 as it appeared in the 1966 Code. There the trial court dismissed the information against defendant, who was represented by counsel and free on bond, because no county attorney's information or indictment had been filed against him within the 30 day period after he had been bound over to the grand jury. Defendant had never demanded a speedy disposition of the charge against him. On appeal by the State, we reviewed our earlier cases on the subject and reversed, holding the provisions of section 795.1 inoperative until defendant had made a demand for a speedy disposition of the charge.

At pages 760, 761, 259 Iowa, pages 647, 648, 145 N.W.2d we say: "Where one accused of a public offense is represented by counsel and is free on bond and does not demand or request an immediate disposition of the charge against him, he is deemed to have waived his privilege of dismissal within the statutory specified period, and the State is not required to show good cause for the continuance. * * * when one is free on bail and is represented by legal counsel, he must make demand for a disposition of the charge against him before his right to have a speedy trial is violated. * * * In such cases he should demand prompt action if that is desired and thought feasible by his counsel. The choice is his."

In State v. Lindloff, Iowa, 161 N.W.2d 741, filed October 15, 1968 we interpret section 795.1 and hold when a person admitted to bail and represented by counsel is bound over to the district court charged with a public offense, he may choose to await the outcome of grand jury and county attorney deliberations on his case or he may demand prompt disposition of his case and if he is not charged by indictment or the county attorney's information within 30 days after demand defendant must before trial move to dismiss

the charge upon the grounds set forth in section 795.1.

■ Here defendant strived from the outset of his criminal proceeding to comply with all the necessary prerequisites contemplated by section 795.1. His course of procedure was that which we have now recognized as proper in State v. Lindloff, supra. The State made no attempt to show good cause for delay beyond 30 days as provided by the statute. It was the burden of the State to assert and prove as a matter of record good cause if so contended.

The Sixth Amendment to the United States Constitution provides in part: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, * * *."

In Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, the Supreme Court held the Sixth Amendment's guaranty of a speedy trial of such fundamental importance as to be applicable to state criminal procedure through the due process clause of the Fourteenth Amendment.

Article I, section 10 of this State's Bill of Rights provides in part: "In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a right to a speedy and public trial before an impartial jury; * * *."

■ Section 795.2, which provides an accused must be tried within 60 days after indictment unless good cause for delay is shown, and section 795.1 have a long legislative history and constitute a clear legislative determination of what shall be considered a constitutionally permissible period in which to indict and bring an accused person to trial. These sections are intended to implement Article I, section 10 of our Bill of Rights. State v. Gebhart, 257 Iowa 843, 847, 134 N.W.2d 906, 908. We are bound by these legislative determinations unless we find they violate a fundamental concept of due process. We do not so find. It therefore is our duty to give full force and effect to the directive of section 795.1 even though it results here in release of one found guilty of a serious offense by a jury.

Faced with no favorable facts under the record made in the trial court the assistant attorney general argues the demand for a speedy trial was filed in the wrong court and thus of no force and effect under section 795.1. He contends the demand should have been filed originally in Polk District Court.

The State relies heavily on Hunley v. State, 105 Ga. 636, 31 S.E. 543, where three misdemeanor charges were first filed against defendant in the superior court of Muscogee county and later by order of that court transferred for trial to the city court of Columbus and all witnesses and the parties were so notified by the sheriff. Several days later defendant filed in the superior court a demand for speedy trial. The Georgia Court held defendant had not filed the demand in the proper court and affirmed refusal of the city court to dismiss the charges. It is readily factually distinguishable from the case at bar.

■ Neither our statute nor our cases prescribe the terms of the request or demand to be given under section 795.1. We have not directed how or to whom such request or demand is to be given. Here defendant delivered a copy of his demand to the assistant county attorney in charge of the prosecution. He also filed his demand in the municipal court where all

documents concerning the charge against him were still on file. His counsel knew all papers, including his demand, would soon be transferred and filed in the district court. His demand was on file in district court for more than 30 days before his indictment.

We must conclude the procedure employed by defendant amounted to an adequate manifestation to the proper authorities he did not waive the statutory provisions of section 795.1.

The ruling of the trial court is reversed and this case is remanded to the district court for dismissal of the prosecution.

All Justices concur.