STATE of Iowa, Appellee,

v.

Richard Steven ZACEK, Appellant.

No. 54382.

Supreme Court of Iowa.

Sept. 27, 1971.

Paul H. Kinion, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., William G. Faches, County Atty., for appellee.

MASON, Justice.

Richard Steven Zacek appeals from judgment imposing sentence following his conviction on plea of guilty to the crime of murder as defined in section 690.2, The Code. He contends the court erred in accepting his guilty plea since it failed to make a proper inquiry into the voluntary character of the plea.

The day of defendant's arrest in connection with the murder involved, the Cedar Rapids municipal court appointed two attorneys to represent him. Their appointment was confirmed and they were reappointed by the district court when defendant was arraigned. After psychiatric examination defendant appeared with his attorneys and personally entered a plea of guilty to the crime of murder as charged in the indictment.

The trial court, in personally interrogating defendant, followed the guideline standards set out in State v. Sisco, 169 N. W.2d 542, 547–548, (Iowa 1969), to assist the court in making the constitutionally required determination that a defendant's

guilty plea is truly voluntary. This examination covers 11 pages of the printed record. The trial court thus developed a complete record to support his determination.

At the conclusion the trial court determined defendant understood the charge made against him, was aware of the penal consequences of his plea and that his plea was entered voluntarily. The plea was accepted and date set for hearing to determine the degree.

Following the hearing to determine the degree of guilt, the court found defendant guilty of murder in the second degree and sentenced him to be imprisoned in the state penitentiary for 75 years.

Defendant in support of his assigned error stated supra maintains: (1) in order for a court to properly determine the voluntary character of a guilty plea it must first advise defendant as to the elements of the crime and inquire whether he understands the nature of the offense and (2) a court should not accept a plea of guilty without first determining whether or not the plea is tendered as a result of prior discussion or plea bargaining and, if it is, what agreement has been reached.

■ I. In connection with defendant's first brief point, examination of the record developed by the trial court in determining the voluntary character of defendant's guilty plea convinces us defendant's plea was knowingly and voluntarily entered with a full understanding of the charge made against him and that he was aware of the penal consequences of his plea.

The court in personally interrogating defendant made a penetrating and comprehensive examination of the circumstances under which defendant's plea was tendered.

In the course of his examination the court read and advised defendant of the provisions of section 690.2 defining murder in the first degree and the punishment therefor. The definition of murder in the second degree and the possible maximum and minimum penalty therefor were also read and explained by the court to defendant. Section 690.4, which requires the court to determine the degree of guilt upon a plea of guilty, was likewise read. Inquiry was made whether defendant understood what had been read to him and he replied in the affirmative.

The court then advised defendant of his right to enter a plea of not guilty; of his right to a jury trial; to have an attorney assist at such trial; to have process to compel witnesses to appear on his behalf; and to be confronted by the State's witnesses with opportunity for his attorney to cross-examine those witnesses. The court then explained in detail to defendant that by his plea of guilty he was waiving each of these rights. Defendant personally indicated in each instance he understood the consequence of his plea.

The court made further inquiry of defendant if he had had opportunity to confer with his attorneys regarding the offense charged and the facts in relation to the offense. The court made inquiry of defendant if he understood that by pleading guilty he was in fact admitting guilt of the offense as charged, that is, murder. Defendant responded, "Yes, Sir," in both instances.

Thus, there is presented an adequate record for determination defendant had by his guilty plea intentionally and knowingly relinquished or abandoned his constitutional rights including his privilege against compulsory self-incrimination, his right to trial by jury and his right to confront his accusers. State v. Sisco, 169 N.W.2d at 547–549 and authorities cited.

This contention is without merit in this respect.

■ II. Defendant does not contend in reference to his second brief point there was any evidence or indication his tendered plea was a result of improper plea bargaining.

The court specifically asked defendant if any person had made any promise of any

kind or any threat to him to influence his decision to plead guilty. Defendant personally replied, "No, Sir." At no point does he maintain there was any agreement to seek sentence concessions which required court approval or make any claim he had been advised of any possible penalty other than the maximum and minimum.

This brief point is likewise without merit since the trial court was particular in protecting defendant's constitutional rights, none were violated and defendant has no cause for complaint.

III. The foregoing brief points are the only ones urged in support of defendant's single assignment of error. Nevertheless, a record of 185 pages was filed in connection with this appeal. Approximately 140 pages contain material wholly irrelevant to the error urged. No satisfactory explanation is offered for its unnecessary length. Rule 340, Rules of Civil Procedure, and rule 18 of this court.

The case is

Affirmed.

All Justices concur.