STATE of Iowa, Appellee,

v.

Ronnie Gene BLEDSOE, Appellant.

No. 55078.

Supreme Court of Iowa.

Sept. 19, 1972.

Korf, Diehl, Clayton & Cleverley, Newton, for appellant.

Richard C. Turner, Atty. Gen., Larry S. Seuferer, Asst. Atty. Gen., and Dennis F. Chalupa, County Atty., for appellee.

MOORE, Chief Justice.

Defendant, Ronnie Gene Bledsoe, appeals from sentence following his plea of guilty to the crime of escape in violation of Code section 247A.6. He asserts the trial court erred in overruling his motion to dismiss the charge filed against him and in accepting his guilty plea. We affirm.

On May 23, 1971, defendant, a convicted felon, left the Riverview Release Center at Newton, Jasper County, Iowa to which he had been committed. He was apprehended in New Mexico and returned to Iowa May 30, 1971. He was incarcerated in the Jasper County jail until June 23 at which time he was arraigned in the district court on a county attorney's information charging him with escape in violation of Code section 247A.6. The attorney with whom he had previously conferred was appointed as his counsel. The information was read to him in open court. His counsel asked until June 25 to enter a plea. The lower court so ordered.

I. On June 24, 1971 defendant filed a motion to dismiss the charge on the ground he had been incarcerated 23 days before the information was filed. The State filed no resistance.

Code section 795.1, provides, in part:

"When a person is held to answer for a public offense, if an indictment be not found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

All statutory provisions of the law applying to prosecutions on indictment are by Code section 769.13 made applicable to prosecutions on county attorney's information.

■ Section 795.1 has a long legislative history. It constitutes a clear legislative determination of what shall be considered a constitutionally permissible period in which to indict and bring an accused person to trial. It is intended to implement the Sixth Amendment to the United States Constitution and Article I, section 10 of this State's Bill of Rights which grant to an accused the right to a speedy and public trial. See United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) for discussion of the point at which a person becomes an accused entitled to a speedy trial.

■ We are bound by the legislative determination that 30 days is a reasonable pre-indictment period unless we find it violates either a fundamental concept of due process, State v. Bowers, 162 N.W.2d 484, 486, 487, and citations (Iowa 1968), or the right to a speedy trial as explained in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (6–22–72). In Bowers we held the provisions of section 795.1 do not violate due process. In Barker the Supreme Court listed the following four criteria to weigh in determining whether a delay in prosecution amounted to a denial of a speedy trial: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant, *id.*, 407 U.S. 530, at 92 S.Ct. at 2192.

The only delay complained of is the delay between the time the defendant arrived in Iowa and the time he was arraigned on the county attorney's information. This delay totaled only 23 days. On the 25th day after he was detained in Iowa he was convicted of escape upon tender of his guilty plea. A period of 25 days between arriving in custody in Iowa and conviction does not seem excessive. The reason for the delay was the negligence of the county attorney, not a deliberate effort to delay the trial in order to hamper the defense, and the defendant had not previously asserted his right. The only possible prejudice to the defendant was his incarceration for 23 days and the attendant anxiety, not any impairment of his defense. Because his incarceration during that period was primarily for violation of the terms of his work release any prejudice occasioned by delay within the statutory period was minimal.

■ From the clear wording of section 795.1, the State was not required to show good cause for a 23-day delay in filing the county attorney's information. The lower court did not err in denying defendant's motion to dismiss.

II. Defendant contends the trial court erred in accepting the guilty plea because the court did not ask defendant to personally enter a plea of guilty and defendant was not asked if any promises or threats had been made which resulted in his plea.

At 10:00 a.m., June 25, 1971, the time set at defendant's request to state how he would plead, defendant and his attorney appeared before the court. Defendant's attorney stated defendant wished personally to plead guilty to escape as charged in the county attorney's information. The trial court then interrogated defendant at great length. By defendant's answers the trial court determined defendant knew the nature of the charge, the possible penalty, that he waived the right to jury trial and that he would be entitled to assistance of counsel at trial. In response to the court's questions defendant stated he was satisfied with his attorney's representation and he had been fully advised. Defendant assured the court he knew what he was doing and there was nothing wrong with him. The court observed, "You are a young man very capable of making your own decisions and appear to be extremely intelligent, excepting your acts don't sometimes sustain such a conclusion."

The trial court's interrogation includes, "May I inquire then of you, are you guilty of escape as set forth in Section 247A.6, Code of Iowa, 1971 and the penalty provided for in 745.1 of the 1971 Code of Iowa?", to which defendant answered, "Yes, sir."

■ The record reveals the lower court judge followed substantially the guideline standards set out in State v. Sisco, Iowa, 169 N.W.2d 542, 547, 548, in making the constitutionally required determination that defendant's guilty plea was made understandingly and voluntarily. As we point out at page 548 in Sisco, the trial court's interrogation need not follow a ritualistic or rigid formula.

■ We conclude the trial court did not err in accepting defendant's plea of guilty. In support of this holding see State v. Zacek, Iowa, 190 N.W.2d 415.

Affirmed.

All Justices concur, except MASON and RAWLINGS, JJ., who concur specially.

MASON, Justice (concurring specially).

I concur but in doing so I prefer to call to the attention of the trial courts this statement quoted from McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L. Ed.2d 418, in State v. Sisco, 169 N.W.2d 542, 546 (Iowa 1969): " * * * The more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of,

the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas."

RAWLINGS, J., joins in this special concurrence.