**STATE of Iowa, Appellee,**

v.

**Leigh J. CENNON true name James Lawrence Pulliam, Appellant.**

**No. 55282.**

Supreme Court of Iowa.

Oct. 18, 1972.

716

Paul J. Yaneff, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Zigmund Chwirka, County Atty., Sioux City, for appellee.

Heard before MOORE, C. J., and UHL-ENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant appeals from his conviction of false drawing and uttering of a check. He asserts as sole ground for reversal trial court's overruling his pre-trial motion to dismiss the indictment, which was not returned against him within the 30 day period provided in § 795.1, The Code. We affirm.

When defendant appeared June 3, 1971 on this charge in Sioux City municipal court he did not have counsel. He waived preliminary hearing and was bound over to the district court. On July 8, 1971, Woodbury County grand jury indicted defendant on the above charge.

July 12, 1971, defendant was arraigned in district court, at which time Attorney Paul J. Yaneff was formally appointed to represent him. Two days later defendant filed the motion to dismiss. Upon hearing, defendant testified during the period from June 3 to July 12 he was not represented by counsel concerning these charges, was not free on bond, and did not know he had a right to quick indictment. He maintained that although he had requested a deputy sheriff to contact Attorney Yaneff, who visited him in jail, they had discussed only a different charge involving a "hold order" from California, and a civil collection matter.

Significantly, there appears in the certified court file the itemized and verified claim of Attorney Yaneff, reciting his appointment to represent defendant with respect to the captioned case, and that he had completed his services. A portion of the itemization includes:

"Appointment.

June 10th, 1971. .Conference with Defendant . . 1 hr

June 15th, 1971. .Conference defendant, County Attorney and Mike Larson of Detective Bureau re hold order in California . . . . . 3 hrs

June 29th, 1971. .Conference with defendant . . 1 hr

7–12–71    Arraignment Judge Pendleton . . . . 1 hr"

August 10, 1971, trial court overruled the motion to dismiss indictment, finding that even though defendant's testimony was accepted as true, nevertheless he was not "unrepresented" for the 30 day period prior to indictment.

I. This court recognizes the frequent practice of assigning an attorney for a defendant, followed by a formal appointment at arraignment in district court. We doubt such an arrangement would result in a holding that defendant was "unrepresented" during the pre-indictment period. In the situation before us an even stronger case is presented. This defendant sought and received services of an attorney of his choice. The same attorney was formally appointed to represent defendant at arraignment.

■ The first question we reach is whether a defendant who, prior to indictment, has the opportunity and actually does consult freely with an attorney of his choice, but voluntarily elects not to discuss the charge (known to him) upon which an indictment is subsequently found, is "unrepresented by counsel" for the purposes of § 795.1, The Code, which provides:

*"795.1 Failure to Indict.* When a person is held to answer for a public offense, if an indictment be not found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown. An accused not admitted to bail and unrepresented by legal counsel shall not be deemed to have waived the privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this section as to dismissal."

We have held, " * * * that if a defendant is represented by counsel he must make a request or demand to enforce guarantee to speedy indictment or he shall be deemed to have waived such right." State v. Johnson, 167 N.W.2d 696, 700 (Iowa 1969). It follows if defend-

ant (not admitted to bail) was unrepresented by counsel, § 795.1 requires that he not be deemed to have waived his privilege to quick indictment, and his motion should have been sustained unless good cause for failure to indict within 30 days appears. On the other hand, if defendant was represented by counsel, then the holding in *Johnson,* supra, dictates he be deemed to have waived his privilege, and his motion to dismiss was properly overruled.

This court has never before been called upon to clarify the meaning of the words "unrepresented by legal counsel." The parties have not cited, nor has our own research revealed, any case construing similar words in an analogous situation.

We are required to determine the intent of the legislature by what it said. See rule 344(f)(13), Rules of Civil Procedure. In § 795.1 the General Assembly chose the words "unrepresented by legal counsel" instead of the words "assistance of counsel" used in Art. I, § 10 of the Iowa Constitution. Thus cases construing the constitutional words "assistance of counsel" are of little aid here.

■■■ Looking at § 795.1 as a whole, and in conjunction with § 795.2, it is clear these sections were promulgated to implement the constitutional provisions which require a speedy trial. State v. Bledsoe, 200 N.W.2d 529 (Iowa, filed Sept. 19, 1972); State v. Johnson, 167 N.W.2d 696 (Iowa 1969); State v. Satterfield, 257 Iowa 1193, 136 N.W.2d 257 (1965). Section 795.1 was not intended to be used to trap state officials, nor as a device to give defendant absolute immunity from prosecution. State v. Johnson, supra; State v. Gebhart, 257 Iowa 843, 134 N.W. 2d 906 (1965). This statute was intended to provide a shield for the defendant, not a sword. State v. Lindloff, 161 N.W. 2d 741 (Iowa 1968). Interpreting the statutory language "an accused * * * unrepresented by legal counsel" to include a defendant who consulted freely with the attorney of his choice but elected not to

mention the local charge for which he was detained in jail would provide defendants with a device to potentially trap state officials. The salutory intent of the legislature does not require such a result. Therefore, we hold such an accused is not "unrepresented by legal counsel" and may be deemed to have waived his privilege of dismissal for failure to indict within 30 days.

■■■ II. We also hold these facts constitute good cause for failure to indict within the 30 day period. Section 795.1, The Code; see State v. Gebhart, 257 Iowa 843, 134 N.W.2d 906 (1965); Keegan v. District Court, 237 Iowa 1186, 24 N.W.2d 791 (1946). Defendant's attorney, during the pre-indictment period, was in consultation with defendant and with the county law enforcement officials. The State had no way of knowing defendant had elected not to discuss pending charges with his lawyer. Under these circumstances the State would be justified in concluding it was not required to indict within 30 days unless defendant so demanded.

■■■ There is no evidence defendant was prejudiced by the few days' delay in indictment, nor does he claim any prejudice. He had access to his own counsel. He was also being held on a "hold order" from California. He alleges no separate violation of his right to speedy trial apart from the statutory implementation of that right. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Jennings, 195 N.W.2d 351 (Iowa 1972); State v. Bowers, 162 N. W.2d 484 (Iowa 1968). Defendant does not complain about the trial nor the finding of guilt. Justice does not require nor does the law mandate dismissal of this indictment.

Trial court did not err in overruling the motion to dismiss. The judgment is affirmed.

Affirmed.

MOORE, C. J., and UHLENHOPP and HARRIS, JJ., concur.

McCORMICK, J., dissents.

McCORMICK, Justice (dissenting).

The majority denies defendant his right to speedy indictment in this case from fear of what might happen in some other case rather than because of what actually happened here. I respectfully dissent.

I. The evidence is undisputed and was accepted as true by trial court that no lawyer was employed by defendant or assigned or appointed for him on the instant charge during the 35 day delay between bind-over and indictment. During that period he was incarcerated not because he was guilty but because he was poor and could not purchase his liberty by furnishing bail. The majority speculates that he could have consulted attorney Yaneff about this charge during the period of delay and on that basis was not "unrepresented by legal counsel." Concerned that some future indigent might use this as a device to "trap" the State into thinking he was represented, the majority says in effect that, although defendant *was not* represented on this charge, he conceivably *could* have been and thus *was* for purposes of the statute.

The State does not allege it was trapped here nor does the evidence suggest the State had any basis for believing defendant had a lawyer on this charge prior to the post-indictment appointment of Mr. Yaneff. The only trap was sprung on defendant who was actually led to believe he could not have a lawyer on the charge until taken to court:

"I asked one of the other jailers and he told me that lawyers were appointed in court and I would have to wait until I went to court. I asked Mr. Rodberg, Chief Deputy, and he told me the same thing, that I would have to wait until I was in court." .

In these circumstances he cannot be held to have waived his right to timely indictment under § 795.1, The Code, and that statute "unmistakably provides" the charge should have been dismissed. State v. Lindloff, 161 N.W.2d 741, 743 (Iowa 1968), and citations.

II. The majority also says the State had good cause not to indict within the 30 day period. However, the State did not claim or prove good cause for the delay, or *any* cause for that matter. "It was the burden of the State to assert and prove as a matter of record good cause if so contended." State v. Bowers, 162 N.W.2d 484, 487 (Iowa 1968). The State did not even hint it knew defendant talked to a lawyer about the California hold order, much less claim it delayed indicting him because of it. Defendant is not obliged to prove he was "prejudiced" by the State's violation of its statutory duty. The State must comply with the statute or suffer dismissal.

We should say here as we have said before: "It * * * is our duty to give full force and effect to the directive of section 795.1 even though it results here in release of one found guilty of a serious offense by a jury." State v. Bowers, *supra*.

I would reverse.